The opinion óf the Court was delivered by
Inglis, J.
The joinder of two or more really distinct burglaries in separate counts in the same indictment, with a *172 general verdict of guilty found upon the trial thereof, is no sufficient ground for arresting the judgment. Nor is a similar joinder, under the same circumstances, of a burglary, with intent to commit larceny, with a larceny itself, though the latter, by reason of the value of the goods stolen, be, under the Act of 1866, (18 Stat. 407,) a petit larceny, and so only a misdemeanor. Where an indictment charges the same transaction in one count as a felony, and in another as a misdemeanor of such nature that the latter is or may be included in the former, it is merged in it if the higher offence has been consummated; and the jury, even if there were no charge of the less offence in a separate count, might convict of this under the count for the greater, if the evidence, in their judgment, warranted no more. A general verdict of guilty is understood to find the higher offence, if there is testimony to support it; and the finding of such verdict is not a ground for a new trial even. It is proper, however, that the jury should be distinctly instructed as to the effect of their general finding in such case, and that they are at liberty to distinguish, and, according to their views of the evidence, convict on the one count or the other, and it is more satisfactory that they should do this. The report of the District Judge leaves the Court in doubt whether, the jury were, in the case of this appellant, fully instructed on this subject.
If really distinct felonies be charged in separate counts of an indictment, no objection, in point of law, can be made on this account. But it is a proper exercise of the discretion of the Judge, in such case, to require the prosecuting officer to select one of the felonies and confine himself to it. 1 Archb. Cr. Pl. & Pr. 95. The reason usually assigned is, that, by the multiplication of distinct charges, the prisoner may be confounded in his defence, or prejudiced in his challenges, or the attention of the jury may be distracted. A motion of the prisoner’s counsel is not to be waited for in such case. We think the course here indicated ought to have been pursued *173 on the trial of the present appellant. And, as the consequence of the conviction, referred, as the rule requires, to the count charging the higher offence, will be so grave, it will be more satisfactory, and, it is hoped, better subserve the ends of justice, to remand the prisoner’s case to the District Court for another hearing. It is not, however, by this intended to intimate any opinion, either way, on’the effect of the evidence.
A new trial is granted.
Dunkin, C. J., and Wardlaw, A. J., concurred.

New trial ordered.